[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2006
THOMAS K. KAHN
CLERK

No. 05-12693
Non-Argument Calendar

_____

D. C. Docket No. 03-21019-CV-JEM

DWAIN INGRAM,

Plaintiff-Appellant,

versus

SCHOOL BOARD OF MIAMI-DADE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 10, 2006)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Dwain Ingram appeals the district court's decision to decline supplemental

jurisdiction over his state law claim, alleging age discrimination in violation of the Florida Civil Rights Act of 1992, arguing that the court abused its discretion when it dismissed the case. We conclude, however, that the district court was within its discretion to dismiss the state law claim after the federal claims had been resolved. We AFFIRM.

## I. BACKGROUND

Ingram brought suit in federal court alleging race and age discrimination based on state and federal law. The district court granted summary judgment as to the federal claims. Almost six months later, the school board notified the court that its federal question original jurisdiction ended when the Title VII claim was dismissed. The district court dismissed the remaining state law claim, intimating that the claim could be brought in state court.

Citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353, 108 S. Ct. 614, 620–21 (1988), Ingram argues that the court improperly determined that retaining jurisdiction would have been inappropriate and that dismissing the case, rather than remanding it to state court, would have been appropriate. Ingram also argues that the district court failed to consider the fact that a dismissal on the eve of trial would mean that all of his work would have to be duplicated.

## II. DISCUSSION

Problems concerning subject matter jurisdiction "may be raised at any time by the parties and should be raised sua sponte by the court." Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997). We review a district court's decision to decline supplemental jurisdiction for abuse of discretion. Id. ("As a practical matter, the district court is in the best position to weigh the competing interests set forth in § 1367(c) and [United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966)] in deciding whether it is appropriate to exercise supplemental jurisdiction.").

"In any civil action of which the district courts have original jurisdiction, [they also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, a court hearing a complaint under Title VII might also hear claims under a state civil rights statute. However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (1) the claim raises a novel or complex issue of State law, [or] . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Prior to the enactment of § 1367, the United States Supreme Court held that

a decision to exercise or decline supplemental jurisdiction lay in "considerations of judicial economy, convenience[,] fairness to litigants," and comity. Gibbs, 383 U.S. at 726, 86 S. Ct. at 1139. We have held that these considerations survived the codification of § 1367. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994). As a result, in a case where § 1367(a) justified taking jurisdiction over a state claim but one of the adverse elements of § 1367(c) was present, the court could exercise supplemental jurisdiction over that claim, after considering the Gibbs factors. Id.

Beginning our review of the district court's decision, we note that "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). Where, as here, a court has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial. Id. (citing Gibbs, 383 U.S. at 726, 86 S. Ct. at 1139). In fact, "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (citations omitted).

Another important consideration, which the district court noted in its order dismissing the case, is the running of a state statute of limitation. See L.A. Draper

4

& Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984). If the state claim has become time-barred during the pendency of the federal action then the court should exercise supplemental jurisdiction despite the dismissal of all of the federal claims. Eubanks v. Gerwen, 40 F.3d 1157, 1162 (11th Cir. 1994).

When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court. Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999) ("If he decides to dismiss these state-law claims, then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court.").

Ingram cites Cohill for the proposition that the district court should have remanded the case to state court rather than dismissing it. Cohill is inapposite. See Cohill, 484 U.S. at 351, 108 S. Ct. at 619 ("[B]ecause the plaintiff in Gibbs filed his suit in federal court, remand was not an option in that case."). Only in those cases where an action originated in state court and was later removed to federal court should a federal court remand the case back to the state court. See id.; cf. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines

5

to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court.").

In this case, the district court expressly addressed the Gibbs considerations and carefully examined the status of the state statute of limitations on Ingram's claim before dismissing his remaining state law claim. In addition, because this action did not originate in state court it was impossible for the district court to remand it to a state court. As such, neither the court's decision to decline supplemental jurisdiction nor the subsequent dismissal of Ingram's state law claim were abuses of discretion.

However, the district court should have indicated that the dismissal was made without prejudice, in keeping with its purpose of allowing a state court to address the remaining issue. The district court's silence on this point could lead to the conclusion that the order dismissed the case with prejudice. See Fed. R. Civ. P. 41(b). Because that silence could interfere with the purpose of allowing state court resolution of this issue, we construe the district court's dismissal as a dismissal without prejudice.

### III. CONCLUSION

Ingram's federal law claims were dismissed by the district court, which subsequently dismissed his state law claims brought under the court's

supplemental jurisdiction.  The district court conducted the proper analysis and was within its discretion to dismiss.  We **AFFIRM** the district court, construing the claim to be dismissed without prejudice.