S11A1705. JAMES v. INTOWN VENTURES, LLC.

(725 SE2d 213)

THOMPSON, Justice.

Appellant Rita James appeals from the trial court's order granting partial summary judgment in favor of appellee Intown Ventures, LLC, on its claim for ejectment. For the reasons that follow, we reverse.

It appears from the limited record before this Court that in 1964 James and her husband Willie purchased property consisting of two lots and a single-family home constructed across the lots.[1] James and Willie lived on the property known to them as 539 Baker Circle until 1978 when they divorced. James received the property as part of the final divorce decree, and Willie executed a warranty deed conveying to James his interest in the property and using the same legal description as the 1964 warranty deed.

In 1997, Fulton County issued tax fi. fas. against Archie R. James, Jr., for property identified as Baker Circle N.W. and a tax identification number of 14-0178-0005-046-5. James does not know Archie James and is not familiar with property simply known as "Baker Circle N.W." or "0 Baker Circle N.W." The county subsequently sold "0 Baker Circle" in November 2002 to Intown.[2] In 2004,

---

[1] This property was described as "Land Lot 178 of the 14th District of Fulton County, Georgia, being Lots 1 and 2, Block C, ARLINGTON PARK PLACE Subdivision." This description was followed by a more particular legal description marking the boundaries of the property by measurements between iron pins placed on the property and as having a house number of 539 Baker Circle.

[2] The county issued and had recorded a tax deed identifying the property sold as "[t]hat tract or parcel of land conveyed by deed to Rita J. James Recorded at 129, per Records of Fulton County, Georgia. Property known as Baker Cir. N.W. and Tax Parcel ID# 14-0178-0005-046-5

Intown filed a petition to quiet title with regard to the purchased property and named as defendants several entities and individuals, including James, based on its claim that it purchased some portion of James' property at the sale.[3] James did not file any pleadings in the case, although a return of service indicates she was served with the summons and complaint.

The trial judge appointed a special master to examine the pleadings, determine who was entitled to notice and ensure proper notice was given, determine the validity and extent of Intown's title and all other interests in the property which may be adverse to its title, and make a report of her findings. The special master found James was properly served in the quiet title action but failed to file a responsive pleading and that Intown held valid, fee simple title to the property. After consideration of the special master's report, the trial court in March 2005 issued its judgment holding that Intown held fee simple title to the property free and clear of any interest held by the named defendants, including James. No appeal was taken from this judgment.

In September 2005, James filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. She included the property in her list of assets but did not list Intown as a creditor.

In 2008, Intown filed an action in Fulton County Superior Court seeking damages and the ejectment of James from the property. James filed an answer, defenses, and counterclaims, asserting for the first time that Intown has no right to or interest in the property, that the tax sale and subsequent deed are void and invalid due to irregularities, and that the judgment in the quiet title action is void because she was not properly served with the complaint. James also filed a notice of bankruptcy filing, which caused the trial court to enter a stay of all proceedings in the ejectment action.

After James' discharge from bankruptcy in April 2009, the court's stay was lifted, and Intown filed a motion for partial summary judgment on its claim for ejectment. The trial court determined, based on the special master's report and the judgment entered in the quiet title action, that James was properly served in the previous litigation and because she failed to file any responsive pleadings or defenses in that action, she was barred by res judicata from challenging the quiet title judgment in the present action. See OCGA §§ 9-11-13 (a); 9-12-40. The trial court then granted Intown's partial summary judgment motion because it concluded absent James' challenges to the prior

---

per records of the Fulton County Tax Commissioner and plat maps of the Fulton County Tax Assessors office."

[3] The action was filed to quiet title to "a tract of land, being known as '0 Baker Circle N.W.,' being also known as tax parcel ID No. 14-0178-0005-046-5."

judgment, there was no genuine issue of material fact regarding Intown's ownership of the property. This appeal followed.

1. James first contends the trial court erred by granting summary judgment because the ejectment action was filed in violation of the bankruptcy court's automatic stay and because Intown failed to file a proof of claim to the property in her bankruptcy action. See 11 USC § 362 (automatic stay provision); *In re Poole*, 242 B.R. 104, 111 (Bankr. N.D. Ga. 1999) ("[w]hen notice of a bankruptcy filing is received, the burden is on the creditor to take appropriate action, including filing a proof of claim, discontinuing any efforts to collect a claim, and taking affirmative action to undo any action which may have been taken without notice of the bankruptcy in violation of the automatic stay or the discharge injunction").

Intown's complaint for ejectment was filed in superior court in 2008, at a time when neither Intown nor James' own counsel was aware of her bankruptcy filing. Upon learning James had filed for bankruptcy protection, Intown agreed to a stay of all proceedings in the ejectment action. No further action was taken until James was discharged from bankruptcy and the stay was lifted. Only after discharge did Intown file and the trial court consider the motion for partial summary judgment which is the subject of this appeal. The record evidence thus demonstrates that neither the complaint nor the summary judgment order was entered in violation of the automatic stay.

In addition, we find no merit in James' contention that Intown is estopped from asserting a claim in the property based on its failure to file a proof of claim in the bankruptcy proceedings. Intown's claim of title originates in the 2005 quiet title judgment determining it held fee simple title to the property. Therefore, Intown was not a creditor required to file a proof of claim in the bankruptcy proceeding but already was adjudicated in an unchallenged final decree to be the owner of the property.

2. James contends the trial court erred by giving res judicata effect to the quiet title judgment and granting summary judgment in favor of Intown in spite of affidavit evidence that she was not served with the summons and complaint in the quiet title action. We agree.

OCGA § 9-12-40, which codifies the common law rule of res judicata, provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Relying on this provision, the trial court determined James was barred by res judicata from challenging Intown's claim of fee simple ownership of the property because she was a party to the quiet title action and failed to raise defenses challenging Intown's ownership interest which was the subject matter of that action.

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995). Three prerequisites must be met before res judicata will apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction. Id. Pretermitting the question of whether the first and third prerequisites were met in this case, there remains a genuine issue of material fact with regard to the second, identity of the parties.[4] James asserts and has presented affidavit evidence supporting her claim that the court in the quiet title action lacked personal jurisdiction over her, thus creating a genuine issue of material fact regarding whether she was a party to the earlier litigation. See OCGA § 9-11-56 (c) (summary judgment shall be rendered if there is no genuine issue as to any material fact and moving party is entitled to judgment as a matter of law); *Webb & Martin, Inc. v. Anderson-McGriff Hardware Co.*, 188 Ga. 291, 294 (3 SE2d 882) (1939) (person named in record as party is not in fact a party unless he has been brought in by legal process or has voluntarily appeared and submitted himself to jurisdiction of court). Because there remains a question of fact regarding whether James was a party to the prior action, the grant of summary judgment pled on the ground of res judicata was error.[5] See *Walka Mountain Camp No. 565 v. Hartford Accident & Indemnity Co.*, 222 Ga. 249, 252 (149 SE2d 365) (1966).

*Judgment reversed. All the Justices concur, except Carley, P. J., and Melton, J., who dissent.*

---

[4] Because there remains a question of fact with regard to the second prong, we need not consider for purposes of this appeal whether evidence as to the remaining prongs is undisputed. We note, however, that the record arguably is unclear as to whether James' property known as 539 Baker Circle is the same as that property sold by tax deed conveying "0 Baker Cir."

[5] We further note that under Georgia law, a judgment alleged to be void for lack of personal or subject matter jurisdiction may be attacked in any court, by any person, at any time. OCGA § 9-11-60 (a) and (f). See *Murphy v. Murphy*, 263 Ga. 280, 282-283 (430 SE2d 749) (1993). See also OCGA § 9-12-16 ("[t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it").

DECIDED FEBRUARY 27, 2012 —
RECONSIDERATION DENIED APRIL 11, 2012.

*Francis X. Moore, Lindsey L. Walker*, for appellant.
*Clark & Caskey, John C. Clark, Adam C. Caskey*, for appellee.