[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11287
_____

D.C. Docket No. 3:09-cv-00123-WBH


STARSHIP ENTERPRISES OF ATLANTA, INC.,

Plaintiff-Appellant,

versus

COWETA COUNTY, GEORGIA,
EVA WAGNER,
in her individual and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2013)

Before TJOFLAT, CARNES and JORDAN, Circuit Judges.

TJOFLAT, Circuit Judge:

Starship Enterprises of Atlanta, Inc. ("Starship"), a purveyor of various novelty items including sexually explicit materials, appeals the judgment of the District Court dismissing under Federal Rule of Civil Procedure 12(b)(6) its federal constitutional claims brought under 42 U.S.C. § 1983[1] against Coweta County, Georgia, and Eva Wagner, the Coweta County Business License Director,[2] and refusing to exercise supplemental jurisdiction over its state constitutional claims.[3] Starship's claims stem from the County's decision to uphold Wagner's denial of its application for a business license to operate a retail bookstore.  Starship promptly challenged that decision in two courts.  First, Starship petitioned the Superior Court of Coweta County for a writ of mandamus directing the County and Wagner to grant its license application.  Then, four months later, it brought in the United

---

[1]  42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

[2]  Starship sued Wagner in her official and individual capacities.  Starship appeals the judgment for Wagner in her individual capacity.

[3]  See 28 U.S.C. § 1367 (c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.").

2

States District Court for the Northern District of Georgia the action now before us on appeal. While this action was still in the pleading stage, the Superior Court granted Starship a writ of mandamus, and Wagner issued the business license at issue. The District Court then dismissed Starship's complaint, concluding that the § 1983 claims arising from denial of the business license were barred by the doctrine of res judicata and that the § 1983 claims not barred by the doctrine failed as a matter of law. We find no error in the District Court's disposition of Starship's § 1983 claims and the court's decision not to exercise supplemental jurisdiction over Starship's state law claims and therefore affirm.

## I.

We begin with a recitation of the relevant facts, which, for the most part, are not in dispute.[4] Starship describes itself as a commercial business that sells a wide variety of items, including tobacco products, clothing, and novelty items. In addition, it sells some sexually explicit videos, DVDs, and magazines. Starship's stores vary their inventory, use of floor space, and sales of sexually explicit material to comply with local ordinances under which the stores operate.

---

[4] We take the facts from Starship's first amended complaint, as amended, and the documents Coweta County and Wagner attached to their motion to dismiss and their answer. The District Court considered those documents in granting the defendants' motion to dismiss.

3

In April 2008, Starship leased an empty building in an unincorporated area of Coweta County; it had been used as a gym. Starship planned to renovate the building and turn it into a retail store. On May 12, 2008, Starship's attorney wrote a letter advising the County Attorney that, pursuant to Chapter 18, Art. II, of the Coweta County Ordinances (the "Business License Ordinance"), Starship planned to apply for a general business license to operate the store. He was aware that if the store sold a certain amount of adult material, the county would consider it a sexually oriented business and Starship would not be able to obtain a general business license. Instead, it would have to obtain a license pursuant to Chapter 18, Art. VII, of the Coweta County Ordinances (the "Sexually Oriented Business Ordinance"). Anticipating this situation, Starship's attorney represented that Starship would not be operating a facility that met the ordinance's definition of a sexually oriented business.[5]

On July 17, 2008, Starship's chief executive officer and its attorney met with Coweta County officials, including the County Attorney, to explain Starship's business plan and to affirm that it would limit the sexually explicit material the

---

[5] At the time of Starship's application, Coweta County's Sexually Oriented Business Ordinance defined an adult bookstore as one having as a "'substantial business purpose' the offering of materials which are intended to provide sexual stimulation or sexual gratification to customers, and which are distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities, or specified anatomical areas." "Substantial business purpose" was defined as involving 25 percent or more of floor area, gross sales, or employee full-time equivalents. Record, vol. 1, no. 16, at 3–4.

store sold so as to eliminate the need for a license for a sexually oriented business. Starship needed a general business license because if it were to operate a sexually oriented business, it could not obtain a permit to operate its store at the location under lease, which was not zoned to allow a sexually oriented business. Nor could it obtain a building permit to renovate the building it had leased.

Despite the County's doubt that Starship's store could qualify for a general business license, the County Attorney wrote Starship's counsel on November 18, 2008, stating that if Starship was not going to operate a sexually oriented business, the County could not deny Starship the building permit it needed. In late November, the County issued the permit.

Starship thereafter contacted Eva Wagner, the Coweta County Business License Director, about applying for a general business license. She said that an application would not be accepted until the renovations to the premises were complete and a Certificate of Occupancy issued. Within two months, the renovation was completed, at a cost of $150,000, and on January 19, 2009, a Certificate of Occupancy was issued.

Meanwhile, on January 15, Starship's attorney met with the County Attorney, Wagner, and other county officials. Counsel presented the officials with a diagram of the store, which showed where the adult material would be located on the premises. Wagner informed the attorney that a general business license would

5

issue after Starship fully stocked the store in accordance with the diagram.  On January 20, Starship filed its application for a general business license, and by January 28, it had completed stocking the store.  Wagner was scheduled to visit the store on January 28 to view its inventory to determine whether it had been placed as depicted in the diagram, but she failed to appear.

On January 26, the Coweta County Board of Commissioners repealed the Sexually Oriented Business Ordinance, Coweta County, Ga., Code of Ordinances Ch. 18, art. VII (2000), and adopted a Sexually Oriented Business Ordinance containing a new definition of a sexually oriented business, Coweta County, Ga., Code of Ordinances Ch. 18, art. VII (2009).  As described by Starship's attorney at his July 17 and January 15 meetings with county officials, Starship's store would not have been a sexually oriented business under the repealed ordinance.  If operated as stocked on January 26, however, the store would qualify as a sexually oriented business under the new ordinance and, as such, would not qualify for a general business license.

On February 2, Starship's attorney wrote the County Commissioners a letter stating that Starship planned to rearrange the store's inventory so that it would not constitute a sexually oriented business under the new Sexually Oriented Business Ordinance and thus would qualify for a general business license.  On February 6, Wagner, applying the new Sexually Oriented Business Ordinance, denied

6

Starship's application for a general business license; she concluded that even though the inventory had been arranged in accordance with the diagram shown earlier, the store would be operating as a sexually oriented business under the new ordinance.

On February 18, Starship appealed denial of its business license application to the Coweta County Business and Occupational Tax Rate Review and Appeals Committee (the "Appeals Committee"). The Appeals Committee held a series of hearings concerning the denial. On May 20, the committee issued findings of fact and voted 4 to 1 to recommend that the Board of County Commissioners reverse the denial of Starship's application. The Appeals Committee assumed that the store would be operated as depicted in Starship's attorney's letter of February 2, and found that the store would not constitute a sexually oriented business as defined in the new ordinance; thus, the store could function as a regular business. The Board of County Commissioners, however, voted unanimously on June 16 to uphold Wagner's denial of Starship's application.

On July 13, 2009, Starship petitioned the Superior Court of Coweta County for a writ of mandamus. The court granted the writ on April 19, 2010. Adopting the Appeals Committee's finding as to how Starship planned to operate the store, the court reversed the Board of Commissioners' decision affirming Wagner's denial of the business license and ordered that the license issue.

7

At the time the Superior Court concluded the mandamus proceeding,

Starship's lawsuit in the District Court against the County and Wagner, which had

been pending since November 16, 2009, was still in the pleading stage, awaiting

the court's ruling on Starship's motion for leave to file a first amended complaint.

On April 28, 2010, the court granted its motion.  Starship's first amended

complaint, as amended, contained ten causes of action;[6] eight sought legal and

---

6  Starship's first amended complaint, as amended, alleged:

Causes of Action

92. Bill of Attainder.  The combined legislative and executory acts of the
County Commissioners of Coweta County in establishing laws which were
then retroactively applied by the Commissioners and by Wagner to Starship
to prevent Starship's business operation when the business license
application, and then the appeal of the denial of the business license came
before them constituted a violation of  Article I, Section  10 of the United
States Constitution, and Ga. Constitution, Article I, Section I, Paragraph X,
as constituting a bill of attainder.  The Coweta County Obscenity Ordinance
of January 26, 2009, and the Sexually Oriented Business Ordinance of
January 26, 2009, are each unconstitutional bills of attainder as applied to
Plaintiff.

93. Substantive Due Process.  The combined legislative and executory acts of
the County Commissioners of Coweta County in establishing laws which were
then retroactively applied to Starship to prevent its business operation when the
denial of the business license appeal came before them constituted a violation
of  the substantive due process component of the Fourteenth Amendment of the
United States Constitution.

94. First Amendment United States Constitution as Written and Applied.
Application of the ordinances adopted by the County Commission in January
of 2009, in the manner described within this Complaint, constituted an "as
applied" breach of the First Amendment of the United States Constitution.
Additionally, in their actual writing, the provisions of Section 18-241
pertaining to and defining "adult bookstore or adult video store" constituted

8

impermissible content based discrimination on its face in violation of the 14th and 1st Amendments of the United States Constitution.

95. Due Process Violation As Applied. Application of the ordinances constituted an 'as applied' breach of the guarantees of the Constitution of the State of Georgia and the Constitution of the United States to procedural due process.

96. Advertising Sanctions as Breach of Georgia and United States Constitutions. The advertising criteria of the ordinance by which the County imposes the securing of an adult business license [along with the concomitant site restrictions ] upon any business using certain words in its advertising constitutes a violation of the Georgia Constitution Art I, Sec. I, Para 1 and 5 and the First Amendment of the United States Constitution.

97. Ordinance Violates First Amendment Where No Time Limit. The county ordinance provisions concerning the issuance of, or denial of a business license, effectively vested unfettered discretion to the county decision maker where criteria not provided for in the County's ordinances was used in denying Starship's application. Furthermore the county ordinance failed to contain a limit on the amount of time within which the decision maker would issue or deny the license was and remains unconstitutional, both facially and as applied.

98. Wagner Individual and Official Liability for First and Fourteenth Amendment Breach. Wagner's rejection of Plaintiff's business license constituted a violation of the Plaintiff's First and Fourteenth Amendment rights. Wagner's actions constituted a prior restraint in contravention of the First Amendment and constituted content based discrimination against Plaintiff's protected First Amendment activity in violation of the Fourteenth Amendment's guarantee of equal protection. Wagner's rejection and her reasons for same were upheld by and ratified by the Coweta County Commission reflective of the fact that her conduct was authorized, condoned and ratified by the County Commission and her conduct was an effectuation of County policy.

99. Denial of Equal Protection: At the time Starship's business license application was presented to Wagner, the decision to deny a certificate to any business could be based only upon a determination by the director that the "business engaged in unlawful activity or in such a manner as to violate lawful ordinances adopted by the board of commissioners." Sec. 18-41, Ordinances of Coweta County, 2009.

9

equitable relief under 42 U.S.C. § 1983 for the defendants' alleged infringement of

a. Up to the point in time that the Starship submitted its application for a business license, Coweta County applied the above-described criteria to all businesses seeking business licenses.

b. Starship's business license application was treated differently from other persons and businesses applying for business licenses. When it applied for the business license it was not "engaged in unlawful activity or in such a manner as to violate lawful ordinances adopted by the Board of Commissioners."

c. There was no rational basis for the difference in treatment between Starship and other applicants for business licenses.

d. The Defendants, and each of them, unequally applied the ordinances pertaining to business license approval and denial for the purpose of discriminating against Starship.

e. The Defendants' willful denial of Plaintiff's First Amendment rights as demonstrated by the unequal treatment of Starship requires the use by this Court of strict scrutiny in the assessment of the Defendants' conduct.

100. <u>Substantive and Procedural Due Process Under Georgia Law</u>:  The Code of Ordinances of Coweta County has no written guidelines by which the Board of Commissioners are to exercise their consideration of an appeal processed through the Appeals Committee and no criteria by which they are to sustain or reverse or otherwise reconsider the denial of a business license.  The lack of ascertainable standards by which to sustain or deny an appeal to the Commission renders the appeal procedure arbitrary and capricious and as applied violate the right to due process.

101.  Starship's inability to obtain a business license from Coweta County was the result of the content of the stock and trade of Starship's business.

102. <u>Takings Under the Georgia Constitution.</u>   The leasehold interest which Starship held at the time of the actions of the Defendants constituted a property interest for purposes of Georgia law.  Starship's planned use of its leasehold property was a use for which the leased property was proper pursuant to the zoning laws of Coweta County at the time of the submission of the business license application.  After the adoption of the new ordinances on January 26, 2009, Starship's planned use of its leasehold property was no longer a use which the County was going to allow.  Wagner's formal denial of the business license claimed that the "proposed location does not permit a sexually oriented business."  The enforcement of the post- business license submission ordinance constituted a takings of Starship's leasehold interest, actionable under the laws and Constitution of the State of Georgia, and rendered the property effectively worthless to Starship.

10

Starship's federal constitutional rights, and two presented claims under the Georgia

Constitution.  The ten causes of action were not pled as separate counts, each with

factual allegations germane to it.  Rather, the ten causes of action were pled in

successive paragraphs, each based on one or more constitutional provisions or

theories of recovery, preceded by eighty-four paragraphs of factual allegations and

a series of exhibits, which were freestanding in that none were incorporated by

reference into any of the paragraphs asserting the causes of action.[7]  For

---

[7] Paragraphs 8 through 91 of the complaint are a "Factual Statement." This statement incorporates by reference several exhibits, each attached to the complaint by number.  None of the ten causes of action incorporates any of the allegations of paragraphs 8 through 91 or the attached exhibits.  Consequently, it is quite difficult to know which of the allegations is germane to which claim.

We have been encountering complaints like Starship's complaint for over two decades, referring to them as "shotgun" pleadings.  "[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."  Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 979 n.54 (11th Cir. 2008).  It appears that we haven't said enough about the problems shotgun pleadings cause the administration of civil justice, so we'll try one more time.

"Shotgun pleadings delay cases by [w]asting scarce judicial and parajudicial resources. [They] imped[e] the due administration of justice, and, in a very real sense, amount to obstruction of justice.  Although obstruction of justice is typically discussed in the context of criminal contempt, the concept informs the rules of law—both substantive and procedural—that have been devised to protect the courts and litigants (and therefore the public) from abusive litigation tactics, like shotgun pleadings.  If use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to wit: obstructs justice, the perpetrator could be cited for criminal contempt."  Davis, 516 F.3d at 982 n.66 (internal quotation marks omitted); see also PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 806 (11th Cir. 2010) ("Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways. The district court, faced with a crowded docket and whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials.  It is therefore left to this court to sort out on appeal the meritorious issues from the unmeritorious ones, resulting in a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.") (internal quotation marks and citations omitted).

convenience, we recast the ten causes of action into seven separate counts, as follows: [8]

>   Count 1, Substantive Due Process.  The County and Wagner deprived Starship of the use of its store property between the date it filed its application for a business license, January 20, 2009, and the date the Superior Court issued the writ of mandamus, April 19, 2010, in violation of the substantive component of the Due Process Clause of the Fourteenth Amendment.

>   Count 2, Bill of Attainder.  The County enacted two ordinances on January 26, 2009, for the purpose of punishing Starship because it sold adult materials in its stores, in violation of U.S. Const. Art. 1, § 10.

>   Count 3, Equal Protection.  The County and Wagner denied Starship the equal protection of the laws in violation of the Fourteenth Amendment in denying its application for a business license when, at the same time, it would have granted a business license to a similarly situated applicant.

>   Count 4, FirstAmendment.  The Business License Ordinance is invalid on its face, in violation of the First Amendment, because it

---

In this case, defense counsel did not move the District Court to require Starship to file a more definite statement pursuant to Fed. R. Civ. P. 12(e) on the ground that the complaint was "so vague or ambiguous" as to render a response difficult.  As officers of the court, the lawyers in any civil case have a duty to assist the court in narrowing the issues.  Where, as here, the defense accepts a shotgun complaint and opts to reply to it in kind, the court must step in and require a repleader on its own initiative.  The court's alternative is to allow, if not tacitly encourage, the parties to build a pleading record of several volumes—in this case three volumes that, taken together, are 4.25 inches thick.

[8] Because the District Court, after disposing of Starship's federal claims, properly declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice, we do not recast those claims.

does not prescribe a limit of time in which the County must approve or reject an application for a business license.[9]

Count 5, First Amendment.  The amount of time Wagner took to pass on Starship's application for a business license under the Business License Ordinance deprived Starship of its First Amendment right to speech in displaying for sale and selling adult materials at its store.

Count 6, First Amendment.  The Sexually Oriented Business Ordinance is invalid on its face because its regulation of adult bookstores regulates speech of a specific content.

Count 7, First Amendment.  Wagner denied Starship's application for a business license for the purpose of preventing Starship from exercising speech in displaying for sale and selling adult materials at its bookstore.[10]

The defendants moved the District Court to dismiss Starship's complaint on two alternative grounds.  First, the complaint failed to state a claim for relief.[11] Second, the claims it presented were barred by the doctrine of res judicata because Starship could have asserted those claims in the petition for writ of mandamus it filed and litigated in the Superior Court of Coweta County.  The court granted the

---

[9]  Some of Starship's First Amendment causes of action are asserted only under the First Amendment.  We assume the pleader of the complaint intended to allege the violations under the First Amendment as incorporated under the Due Process Clause of the Fourteenth Amendment. See Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S. Ct. 900, 903, 84 L. Ed. 1213 (1940).

[10]  The complaint contains a cause of action asserting the violation of Starship's right to procedural due process under the Fourteenth Amendment.  Record, vol. 1, no. 16, ¶ 95.  Starship withdrew the claim before the court ruled on the defendants' motion to dismiss.

[11]  See Fed. R. Civ. P. 12(b)(6).  The defendants' answer to the complaint also alleged, as an affirmative defense, that the complaint failed to state a claim for relief.

defendants' motion.  It held that Counts 1, 3, 4, 5 and 7 were barred by the doctrine

of res judicata and that Counts 2 and 6 failed to state a claim for relief.  The court

dismissed Count 2 on the ground that the ordinances cited in the complaint did not

constitute a Bill of Attainder because the ordinances did not single out Starship for

punishment.  The court dismissed Count 6, which alleged that the Business License

Ordinance is facially invalid, on the ground that Count 6's "conclusory

allegations" failed to state a claim for relief.  The court then declined to exercise

supplemental jurisdiction over the remaining state law claims, dismissing them

without prejudice.  Starship thereafter took this appeal.

## II.

We review <u>de novo</u> a district court's dismissal of a complaint, under Federal

Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief after

accepting the factual allegations of the complaint as true and considering them in

the light most favorable to the plaintiff.  <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th

Cir. 2003) (citing <u>Monzon v. United States</u>, 253 F.3d 567, 569–70 (11th Cir.

2001)).  We review a district court's res judicata determination <u>de novo</u>.  <u>E.E.O.C.

v. Pemco Aeroplex, Inc.</u>, 383 F.3d 1280, 1285 (11th Cir. 2004) (citing <u>Jang v.

United Techs. Corp.</u>, 206 F.3d 1147, 1149 (11th Cir. 2000)).  Finally, we review

for abuse of discretion a district court's dismissal of state law claims pursuant to 28

U.S.C. § 1367(c)(2).  With these standards in hand, we address in part III below

the District Court's disposition of five of the complaint's seven counts under the doctrine of res judicata and deal with two of the counts in the margin.[12]  We affirm the court's nonprejudicial dismissal of Starship's state law claims without discussion.

### III.

The District Court found that Counts 1, 3, 4, 5, and 7 were barred by the doctrine of res judicata. [13]  When deciding whether claims are barred by res

---

[12]  Starship abandoned by operation of law its appeal of the District Court's dismissal of Count 6 by not addressing the merits of the ruling in its opening brief in this appeal.  Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")  We consider frivolous the Bill of Attainder claim in Count 2, and therefore do not discuss it except to say that the challenged ordinances, on their face, do not target Starship. Rather, they apply to any business in Coweta County.  See Houston v. Williams, 547 F.3d 1357, 1364 (11th Cir. 2008) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468, 97 S. Ct. 2777, 2803, 53 L. Ed. 2d 867 (1977)) (defining a Bill of Attainder as "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial").

[13] Starship argues that the District Court erred in invoking the doctrine of res judicata in dismissing some of its claims because its complaint contained insufficient facts on which to adjudicate the defense.  "[W]hen addressing a claim of res judicata, a court must examine the record to determine whether the issue has been actually or could have been litigated and to ascertain whether there has been a final judgment in the other proceeding." Jones v. Gann, 703 F.2d 513, 515 (11th Cir. 1983) (citing Concordia v. Bendekovic, 693 F.2d 1073, 1076 (11th Cir. 1982)).  A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint.  Id.  Although analysis of a Rule 12(b)(6) motion is "limited primarily to the face of the complaint and attachments thereto," a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim.  Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364, 1369–70 (11th Cir. 1997) (citation omitted).  When the court considers matters outside the pleadings, however, the Rule 12(b)(6) motion converts into a Rule 56 motion for summary judgment.  Garcia v. Copenhaver, Bell & Assocs, 104 F.3d 1256, 1266 n.11 (11th

15

judicata, federal courts apply the law of the state in which they sit.  Burr & Forman

v. Blair, 470 F.3d 1019, 1030 (11th Cir. 2006) (citing NAACP v. Hunt, 891 F.2d

1555, 1560 (11th Cir. 1990)).  This case arose in Georgia, so we apply the Georgia

law of res judicata.  In Georgia, "the doctrine of res judicata prevents the re-

litigation of all claims which have already been adjudicated, or which could have

been adjudicated, between identical parties or their privies in identical causes of

action."  James v. Intown Ventures, L.L.C., 290 Ga. 813, 816, 725 S.E.2d 213

---

Cir. 1997).  The court must notify the parties and give them ten days to submit "any relevant evidence and arguments in support or opposition to the merits." Id. (citation omitted). We have excused the ten-day requirement, however, when the "parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given." Id. (citation omitted).

Here, the defendants filed a motion to dismiss the amended complaint and an accompanying memorandum in support of the motion to dismiss on June 4, 2010.  In the memorandum, the defendants argued that the claims should be dismissed on res judicata grounds, and they attached Starship's mandamus petition in the Superior Court and the Superior Court's order granting the writ.  Because Starship did not refer to the Superior Court petition or order in its complaint, the District Court's consideration of those materials automatically converted the motion to dismiss into a motion for summary judgment.  Although we find nothing in the record to indicate that the District Court gave Starship ten days' notice of its intent to consider matters outside the pleadings, we think Starship's brief in opposition to the defendants' motion to dismiss shows that Starship had notice that the District Court would consider the Superior Court petition and order, and that Starship presented the arguments it would have presented had it received formal notice of an intent to convert the motion into a summary judgment motion.  Starship first argued that the District Court could not dismiss its complaint on res judicata grounds because the existence of the defense could not be judged on the face of the complaint.  It then proceeded to argue that res judicata should not be granted on the merits: "Out of an abundance of caution, and without waiving the foregoing argument, Plaintiff will proceed to describe the other reasons that preclude the grant of Defendants' motion to dismiss."  Record, vol. 2, no. 25, at 3–4.  We thus find that Starship presented the arguments it would have presented had it had notice, and we treat the District Court's dismissal of Starship's claims on res judicata grounds as a motion for summary judgment under Rule 56.  Moreover, we find that the pleadings and the Coweta County Superior Court petition and order contained sufficient facts on which to adjudicate the defense.

16

(2012) (quoting <u>Waldroup v. Greene Cnty Hosp. Auth.</u>, 265 Ga. 864, 865(1), 463

S.E.2d 5 (1995)); Ga. Code Ann. § 9-12-40 (West 2012).[14]

"Three prerequisites must be met before res judicata will apply: (1) identity

of the cause of action; (2) identity of the parties or their privies; and (3) previous

adjudication on the merits by a court of competent jurisdiction." <u>Id.</u> The third

prerequisite is present here—a previous adjudication on the merits by a court of

competent jurisdiction. Although Starship disagrees, the second prerequisite is

present as well—an identity of the parties. Starship's suit in the Superior Court was

against Coweta County, Eva Wagner in her official capacity, and several members

of the Board of Commissioners of Coweta County. Starship's suit in federal court

was against Coweta County and Eva Wagner in her official and individual

capacities. An identity of parties is not present, Starship argues, because Wagner

was not a party in the Superior Court litigation in her individual capacity.

Starship did not present this argument to the District Court; rather, it

presents the argument for the first time in its brief on appeal. Thus, we will not

consider Starship's point, unless Starship can invoke one of the five exceptions to

---

[14] Section 9-12-40 of the Official Code of Georgia Annotated provides:

A judgment of a court of competent jurisdiction shall be conclusive between the
same parties and their privies as to all matters put in issue or which under the
rules of law might have been put in issue in the cause wherein the judgment was
rendered until the judgment is reversed or set aside.

17

the rule that "appellate courts generally will not consider an issue or theory that was not raised in the district court," FDIC v. Verez Assurance, Inc., 3 F.3d 391, 395 (11th Cir. 1993) (citation omitted).  The five exceptions to the rule are: "the refusal to consider the pure question of law would result in a miscarriage of justice; the appellant had no opportunity to raise it below; there is at stake a 'substantial interest of justice;' the proper resolution is beyond any doubt; or the issue presents significant questions of great public concern."  Id.  Starship argues that the miscarriage-of-justice exception applies.  We do not consider the argument because Starship failed to present the argument in its opening brief.  That it raised it in its reply brief will not suffice.  See United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) (declining to decide an issue raised for the first time in supplemental briefing).  We assume then, as the District Court did (because Starship did not contest the point), that, notwithstanding the fact that Wagner was not sued in her individual capacity in the mandamus proceeding, there is identity of parties.  Whether res judicata bars Starship's claims therefore turns on whether an identity as to causes of action is present as well.

When resolving that issue, Georgia courts look to see whether the claims arise from the same subject matter.  Fowler v. Vineyard, 261 Ga. 454, 458, 405 S.E.2d 678 (1991).  "[O]ne must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject

18

matter which are not raised will be res judicata pursuant to OCGA § 9-12-40." Id. (quoting Lawson v. Watkins, 69 Ga. 147, 149, 401 S.E.2d 719 (1991) (emphasis in original)).

As we set out in part II, supra, Starship claimed that rejection of its business license application deprived it of the use of its property between the date it filed its application for a business license and the date the writ of mandamus issued, in violation of the substantive component of the Fourteenth Amendment's Due Process Clause (Count 1), and denied it equal protection of the law (Count 3). Starship also claimed that the County violated the First Amendment by delaying consideration of Starship's application for a business license (Count 5) and denying the application for the purpose of preventing Starship from exercising speech (Count 7). Finally, Starship claimed that the Business License Ordinance is an unconstitutional prior restraint on its face because it fails to provide a time limit for the approval or rejection of a business license application (Count 4). These claims arise from the same subject matter as Starship's claim for mandamus relief in the Superior Court. That claim stemmed from Wagner's denial of Starship's application for a business license based on her determination that Starship could not qualify under the Business License Ordinance and Sexually Oriented Business Ordinance, and the Board of Commissioners' affirmance of the denial. The claims asserted in Counts 1, 3, 4, 5, and 7 arise from that same administrative ruling.

19

In its mandamus petition, Starship alleged that the County's ordinances "provide no guidelines on how the Board of Commissioners shall treat a recommendation from the Appeals Committee" and that the Board of Commissioners "exercised unbridled discretion"; that the County's "business license procedures included numerous errors of law … as applied to Starship"; that Starship met all requirements of the ordinances, including the 25 percent threshold; that Wagner "committed error by ruling that Starships' [sic] application must be considered pursuant to amendments to the County's ordinances enacted two months after a building permit issued"; and that Wagner erred in denying its application for a business license based on the "prospective possibility of unlawful conduct." Record, vol. 2, no. 21-2.

In the case at hand, Starship asserted the same factual basis in support of its claims.  Starship maintained that the ordinances vest the County with unfettered discretion and impose no time limit for its approval or rejection of a license application; that the County applied its ordinances to Starship in violation of the First Amendment; that Starship notified the County that it would comply with the new Sexually Oriented Business Ordinance; that it would not operate its store as an adult bookstore; that the County "establish[ed] laws which were then retroactively applied to Starship to prevent its business operation;" and that the County engaged in a policy to deny the business license based on "the asserted ground that the

20

applicant will—at a time in the future—engage in conduct in violation" of the laws of the County.  Record, vol. 1, no. 16, at 17–18.  All of these claims arose from the same facts that Starship asserted in its petition for a writ of mandamus: that Starship met the requirements of the County ordinances and that the County erred when it denied Starship's application.

Starship could have presented these additional claims in its mandamus petition, but it did not.  In Georgia, res judicata applies not only to claims that were actually litigated, but to claims that could have been litigated in a prior action.[15]

_____

[15] Starship contends that because Georgia law precluded a prayer for damages in a petition for a writ of mandamus, the District Court's application of the doctrine of res judicata was inappropriate.  Starship is wrong.  True, the writ of mandamus is an "extraordinary remed[y] available in limited circumstances to compel action or inaction on the part of a public officer when there is no other adequate legal remedy."  Ford Motor Co. v. Lawrence, 279 Ga. 284, 285, 612 S.E.2d 301 (2005) (citation omitted).  Here, mandamus relief was appropriate because no other remedy, such as damages, could adequately compensate Starship for the wrongful denial of a business license and its consequent inability to open its bookstore.  The extraordinary nature of mandamus does not necessarily bar incidental damages for past harm, however.  Georgia courts have allowed plaintiffs to recover damages for past harm as well as relief to prevent future harm, such as an injunction or writ of mandamus.  See, e.g., Georgia Dept. of Transp. v. Edwards, 267 Ga. 733, 738, 482 S.E.2d 260, 265 (Ga. 1997) (affirming injunction requiring the Department of Transportation to remove a turn lane improperly constructed on plaintiff's property as well as damages to compensate the plaintiff for the temporary taking of his property, stating, "Recovery of damages for the temporary taking as well as an injunction requiring return of the property did not, as DOT suggests, constitute a double recovery").  Georgia courts will not allow double recovery.  See, e.g., Rabun Cnty. v. Mountain Creek Estates, L.L.C., 280 Ga. 855, 857–59, 632 S.E.2d 140 (2006) (reversing award of damages for inverse condemnation because plaintiff had not suffered any diminished utility or functionality of property that would constitute a viable claim; the county thus had sovereign immunity, and mandamus was therefore the proper (and sole) remedy). In this case, damages to compensate Starship for the delay in opening its bookstore combined with a writ of mandamus to compel issuance of the business license would not constitute double recovery; it would merely provide relief for Starship's past and future harm.

<u>See</u> OCGA § 9-12-40.  Accordingly, the District Court did not err in granting the

County's motion to dismiss Counts 1, 3, 4, 5, and 7.

IV.

For the foregoing reasons, the judgment of the District Court is

AFFIRMED