[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15783
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00374-AT

JOEL PANNAL MOORE,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, STATE OF GEORGIA,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
COMMISSIONER, GEORGIA DEPARTMENT OF BEHAVIORAL HEALTH
AND DEVELOPMENTAL DISABILITIES,
CHAIRMAN, GEORGIA SEX OFFENDER REGISTRATION REVIEW
BOARD,
NIKEYA BLAKE,
Program Director of Chatham County, Georgia Probation Services,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 14, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joel Pannal Moore appeals the dismissal with prejudice of his complaint against officials of the State of Georgia.  See 42 U.S.C. § 1983.  Moore complained that his classification as a sexual predator and monitoring with an electronic ankle bracelet violated his constitutional rights.  Because Moore was classified as a sexual predator in 2009 and had sued state officials about his classification and lost, the district court granted the officials' motion to dismiss the complaint as barred by the two-year statute of limitation, see Ga. Code Ann. § 9-3-33, and by res judicata.  We affirm.

In 2004, Moore pleaded guilty in a Georgia court to various sexual offenses, including child molestation.  In 2006, while Moore was incarcerated, the Georgia Legislature enacted a law requiring the electronic monitoring of persons who were "sexually dangerous predators."  See id. § 42-1-14.  Offenders received an initial classification by the Georgia Sexual Offender Registration Review Board, id. § 42-1-14(a), after which the defendant received an evidentiary hearing before the sentencing court to determine whether to classify the offender as a sexually dangerous predator, id. § 42-1-14(b)(2).  The law applied to "any sexual offender convicted on or after July 1, 2006, of a criminal offense against a victim who is a minor or a dangerous sexual offense and for any sexual offender incarcerated on

2

July 1, 2006, but convicted prior to July 1, 2006, of a criminal offense against a victim who is a minor." Id. § 42-1-14(a). The Board classified Moore as a sexually dangerous predator in September 2009.

In October 2009, Moore filed a complaint against the State of Georgia and the Board in a Georgia court, but the state court denied relief. Moore alleged that he was denied a hearing in violation of his right to due process, but the Georgia court found that Moore had received a de novo hearing in the sentencing court. Moore also alleged that the application of an ankle monitor could cause serious medical complications because of his diabetes, but the Georgia court declined to consider the claim as "premature." In January 2010, a probation officer affixed an electronic bracelet to Moore's ankle. The Georgia Court of Appeals denied Moore's application for discretionary review, after which Moore petitioned the Supreme Court of Georgia for a writ of certiorari. In his petition, Moore argued that officials violated his right to due process by affixing an ankle monitor without notice and before the conclusion of judicial review and that the retroactive application of the sexual offender law violated the Ex Post Facto clauses in the United Constitution, art. I, § 10, para. 1, and the Georgia Constitution, art. I, § 1, para. 7. The Supreme Court of Georgia denied his petition. Moore also petitioned the Supreme Court of the United States for a writ of certiorari, but the Supreme Court denied his petition.

3

In 2010, the Georgia Legislature amended the sex offender law.  The amended law modified the procedure used to designate offenders as sexually dangerous predators.  Under the amended law, the Board must decide how to classify an offender, and that decision is appealable to the superior court of the county where the Board is headquartered.  Id. § 42-1-14(b)–(c) (2010).

In February 2013, Moore filed a complaint against the Board, the Attorney General of Georgia, and other state officials in the district court.  Moore argued that his punishment under the sex offender law and the amended law violated his right to due process, the Ex Post Facto clauses in the United States Constitution and the Georgia Constitution, and the prohibition against cruel and unusual punishment in the Eighth Amendment.  The officials moved to dismiss Moore's claims as untimely and barred by res judicata and collateral estoppel.

The district court granted the officials' motion to dismiss.  The district court ruled that Moore's claims were untimely because they were filed more than two years after he challenged his classification as a sexually dangerous predator and after the application of his electronic ankle bracelet.  See id. § 9-3-33.  The district court rejected Moore's argument that the period of limitation had been equitably tolled because he had continued to suffer daily the consequences of the electronic monitoring.  See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (rejecting the defendant's argument that the two-year period of limitation was extended under

the "continuing violation doctrine").  In the alternative, the district court ruled that Moore's claims challenging the constitutionality of the 2006 law were barred by res judicata; Moore failed to allege "facts to support his challenge to the 2010 law"; Moore lacked standing to "challenge the procedural requirements of the 2010 law" because his injuries stemmed from the 2006 law; and Moore's claim that the 2010 law violated the Eighth Amendment was barred by res judicata because his "punishment of lifetime electronic monitoring [was] a provision in the Sex Offender statute that did not change from 2006 to 2010."

The district court did not err by dismissing Moore's complaint.  Moore argues that his claims are timely, but we need not decide whether Moore is entitled to equitable tolling under the continuing violation doctrine because his claims are barred by res judicata.  "When we consider whether to give res judicata effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation."  Muhammad v. Sec'y, Fla. Dep't of Corr., 739 F.3d 683, 688 (11th Cir. 2014) (internal quotation marks and citations omitted).  Under Georgia law, which the parties agree applies, an action is barred by res judicata when there has been a judgment on the merits entered in an earlier suit between the same parties or their privies in which "all claims . . . have already been adjudicated[] or . . . could have been adjudicated."  James v. Intown Ventures, LLC, 725 S.E.2d 213, 215 (Ga. 2012).  Moore does not

5

dispute that his action in state court concluded in an adverse judgment on the merits. The district court did not clearly err in finding that the officials sued in the state action were in privity with the officials named in Moore's federal complaint, see Brewer v. Schacht, 509 S.E.2d 378, 382 (Ga. Ct. App. 1998) (concluding, for purposes of res judicata, that "claims against [officials serving on an educational commission being sued] in their official capacities are the equivalent of suits against . . . the governmental entity that employed them"), and that both actions "concern[ed] the same subject matter" of Moore's classification and monitoring as a sexually dangerous predator, see Fowler v. Vineyard, 405 S.E.2d 678, 682 (Ga. 1991). Because Moore fails to contest the dismissal of his claims involving the 2010 law, we deem any arguments that he might have made against the dismissal of those claims abandoned. See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012).

We **AFFIRM** the dismissal of Moore's complaint.