[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10572
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00403-CC

BARRY STEVEN SLAKMAN,

Plaintiff-Appellant,

versus

ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 19, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Proceeding pro se, Barry Slakman appeals the district court's dismissal of

his complaint in an action to review reduction of his retirement benefits by his

former employer, Delta Air Lines, Inc.   On appeal, Slakman argues that his

complaint was dismissed in error because the undisputed facts he pled state a claim for relief under the language of Delta's sponsored retirement plan (the "Plan"), which is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  After thorough review, we affirm.

We review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff.  Starship Enters. of Atlanta, Inc. v. Coweta Cnty., 708 F.3d 1243, 1252 (11th Cir. 2013).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

We review a district court's ruling affirming a plan administrator's ERISA benefits decision de novo, applying the same legal standards as the district court.  Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011).  While ERISA does not detail standards for judicial review of a plan administrator's benefits determination, the Supreme Court has articulated a framework for judicial review, which we have distilled into a six-part test.  Melech v. Life Ins. Co. of N.

2

Am., 739 F.3d 663, 672 (11th Cir. 2014).    Thus, a court reviewing a plan

administrator's benefits decision should conduct the following multi-step analysis:

(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blankenship, 644 F.3d at 1355 (quotation omitted).

When considering the first prong of the six-part test, we must review the

administrator's decision for correctness, based upon the evidence before the

administrator at the time of its benefits decision.  Melech, 739 F.3d at 672.  If we

would have reached the same decision as the administrator, the judicial inquiry

ends, and judgment in favor of the administrator is appropriate.  Id. at 672-73.

ERISA expressly permits a Social Security offset that discounts or "offsets" a participant's pension benefit with certain types of non-plan benefits, such as Social Security. Cinotto v. Delta Air Lines Inc., 674 F.3d 1285, 1295 (11th Cir. 2012). In addition, the Social Security Act provides that Social Security benefits shall not be paid to a person while that person is incarcerated. 42 U.S.C. § 402(x)(1)(A)(i). If ambiguity exists in a plan's language implementing an offset, we construe the ambiguity against the plan drafter, and view a claimant's reasonable interpretation as correct. See White v. Coca-Cola Co., 542 F.3d 848, 855 (11th Cir. 2008). Only if the words of the plan do not speak clearly must we look outside the plan's written language to decide what the agreement means. See US Airways, Inc. v. McCutchen, 133 S. Ct. 1537, 1549 (2013).

In his complaint, Slakman alleged that: (1) he had been employed by Delta for over 20 years, from 1969 until his termination in 1993; (2) he was a covered member in Delta's sponsored retirement plan administered by the Administrative Committee of Delta Air Lines, Inc. ("the Committee"); (3) he has been continuously incarcerated since August 1993; (4) at the time of his termination, he had fully vested rights under the Plan; (5) from on or about March 1999, he received monthly benefits from the Plan of $1,632.47; and (6) since March 1, 2013 the Committee had withheld $463.01 per month of his pension payments. In his complaint, Slakman also said that in 2012 at age 65 he attempted to enroll in Social

Security and Medicare, but the Social Security Administration ("SSA") informed him that he could not until he was released from incarceration. Slakman alleged that in early 2013 the Committee advised him that under § 1.27 of the Plan, a Social Security Benefit offset would be applied, reducing his monthly payment from $1,632.47 to $1,169.46. Section 1.27 provides, in relevant part:

> An Employee's Primary Social Security Benefit is the amount which would be available as a monthly old age benefit . . . whether or not payment is delayed, suspended or forfeited because of failure to apply, other work, or any other reason.

The Plan § 1.27.

Here, the district court did not err by dismissing Slakman's complaint for failure to state a claim. As an initial matter, Slakman claims that the district court reviewed the Committee's motion to dismiss incorrectly by evaluating the merits of his claim rather than the sufficiency of the complaint, and that the district court erred because the undisputed facts Slakman pled made out a facially plausible complaint. But the record reveals that the district court properly evaluated Slakman's factual allegations, accepted as true, in light of Plan language that he submitted as part of his complaint. The district court also permissibly considered the Plan language in evaluating the motion to dismiss since it was central to Slakman's claim, and both Slakman and the Committee included identical language for the disputed Plan section. See Horsley, 304 F.3d at 1134.

5

Moreover, the Committee's decision to apply the Social Security benefit offset provided in Plan § 1.27 was not de novo wrong. See Blankenship, 644 F.3d at 1355. As the record shows, the Committee based its adverse benefits decision on their reading of § 1.27 of the Plan. The plain language of this section provides for an offset based on a conditionally available Social Security benefit, "whether or not payment is delayed, suspended or forfeited because of failure to apply, other work, or any other reason." Because Slakman had reached normal retirement age under the Social Security Act and had a Social Security benefit that had been "delayed, suspended or forfeited" due to his incarceration, the Committee reasonably determined that § 1.27 required an offset regardless of whether Slakman actually received or was authorized to receive Social Security benefits. Indeed, there is nothing in the Plan language that suggests that Slakman must be "legally eligible" for a Social Security benefit before the offset applies.

In addition, Slakman does not present any reasonable alternative interpretation that merits construing ambiguities against the Plan drafter. See White, 542 F.3d at 855. For example, Slakman questions how the phrase "delayed, suspended or forfeited" applies to him, given the uncertainty of whether his Social Security benefit will ultimately be delayed (if he is released from prison) or forfeited (if he is not). But this ignores that the phrase, in its entirety, does apply to Slakman, since he certainly will or will not be released. Similarly, Slakman argues

that the Committee improperly applied the canon of construction, ejusdem generis (which instructs "that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed," Black's Law Dictionary (10th ed. 2014)) to the phrase "any other reason," yielding an interpretation so broad that it includes "any conduct ever by Slakman." To the contrary, in applying ejusdem generis, the Committee arrived at a similar interpretation as Slakman -- that the phrase "any other reason" must be construed as relating to an action or inaction taken by Slakman. In other words, because the offset language in § 1.27 concerns actions one can take to affect Social Security benefit availability, the Committee could reasonably interpret Slakman's action -- incurring a conviction putting him within reach of a statute denying Social Security benefits to the incarcerated -- as falling within the expansive words "any other reason." Finally, since the Plan speaks clearly, the policy considerations the parties advance need not be addressed. See McCutchen, 133 S. Ct. at 1549.

In short, based on the record available to the Committee at the time it offset Slakman's Plan benefits, its decision was correct. We affirm the district court's dismissal of Slakman's complaint.

**AFFIRMED.**

7