[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15241
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00510-SDM-TBM

JOE LEE SORENSEN,

Plaintiff-Appellant,

versus

CHRIS NOCCO,
Sheriff, Pasco County Sheriff Office,
BRENDA CASE,
Dr.; Pasco Sheriff-Medical Section,
NURSE BURKE,
Pasco Sheriff-Medical Section,
NURSE CLEARY,
Pasco Sheriff-Medical Section,

Defendants-Appellees,

DEPUTY MEIRIS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 26, 2017)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Joe Sorensen appeals pro se the district court's order dismissing his complaint for failure to state a claim upon which relief may be granted.  Sorensen was a pretrial detainee when he was attacked by another detainee.  He brought suit under 42 U.S.C. § 1983, alleging that he did not receive constitutionally sufficient medical care.  The district court dismissed Sorensen's claims against Sheriff Chris Nocco, the only remaining defendant, under Federal Rule of Civil Procedure 12(b)(6).[1]  The court held that Sorensen failed to allege Sheriff Nocco was personally involved in, or deliberately indifferent to, the denial or delay of medical care, or that a policy or lack of training at the jail caused the alleged violation of his constitutional right to medical care.  After careful review, we affirm.

## I.

Sorensen was a pretrial detainee at Pasco County Detention Center ("PCDC") when he was attacked by another detainee on June 10, 2012.[2]  He was examined by a nurse at PCDC.  He told the nurse he had been hit in the face and thought "his face [was] broke[n]."  On June 11, he visited a doctor at PCDC, who

---

[1] The other defendants were either dismissed earlier in the litigation or not properly served.

[2] The following facts are alleged in Sorensen's complaint.  They are accepted as true for the purposes of a motion to dismiss under Rule 12(b)(6).  Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015).

2

referred him to get an X-ray.  The radiology report recommended a CT scan because of the possibility of a fracture.  On June 21, Sorensen was transported to Pasco Regional Medical Center for a CT scan, which showed fractures of the orbital rim and cheekbone.  On June 27, he was taken to Oak Hill Hospital, where a doctor diagnosed a fracture with displacement that "is already over two weeks old and [] needs to be reduced and fixed A.S.A.P. . . . before fibrous union makes it impossible to correct it."  The doctor also said "[i]t will take some time" for "nerve function to return, if it does return."  On June 29, Sorensen underwent surgery, which included placing two plates and nine screws on the right side of his face.

Sorensen alleges PCDC did not have a policy regarding medical emergencies involving head and face injuries at the time he was attacked.  He also alleges PCDC failed to train its deputies for such a situation.  He claims that because of these failures, Sheriff Nocco was grossly negligent or deliberately indifferent to his constitutional right to medical care.  Sorensen had to wait almost three weeks to receive surgery, despite constantly requesting immediate medical care.  Sorensen alleges he still has pain and numbness attributable to the delay in his medical care.

## II.

"We review de novo a district court's dismissal of a complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief . . . ."

3

Starship Enterprises of Atlanta, Inc. v. Coweta Cty., 708 F.3d 1243, 1252 (11th Cir. 2013). "[W]e accept all factual allegations as true and consider them in the light most favorable to the plaintiff." Brooks, 800 F.3d at 1300. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

Sorensen argues that his complaint alleges two claims against Sheriff Nocco: (1) that Sheriff Nocco failed to have policies and train deputies regarding medical emergencies to the head or face, and (2) that Sheriff Nocco personally participated in the constitutional deprivation because he was informed through various reports of Sorensen's injuries and failed to take the necessary steps to get immediate medical care for Sorensen. Sorensen's complaint contains no allegations that Sheriff Nocco personally participated in the alleged constitutional deprivation.

4

Thus, Sorensen's argument against Sheriff Nocco for his personal participation does not meet "the threshold requirement of [Federal] Rule [of Civil Procedure] 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007) (quotation omitted and alteration adopted).

Sorensen's remaining argument, which is reflected in the allegations of the complaint, is regarding Sorensen's claim against Sheriff Nocco in his official capacity as sheriff of the PCDC for failure to have policies or training regarding medical emergencies to the head or face. A plaintiff seeking to hold a municipal actor liable under 42 U.S.C. § 1983 must prove that official municipal policy was responsible for the action that caused his injury. Connick v. Thompson, 563 U.S. 51, 60–61, 131 S. Ct. 1350, 1359 (2011). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Id. at 61, 131 S. Ct. at 1359. "[A] municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (alteration adopted and quotation omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id., 131 S. Ct. at 1360 (alteration

5

adopted and quotation omitted).  To establish deliberate indifference, a plaintiff must show that the municipal "policymakers are on actual or constructive notice that a particular omission in their training program causes [municipal] employees to violate citizens' constitutional rights."  Id.  To show this notice, a plaintiff ordinarily must demonstrate "[a] pattern of similar constitutional violations by untrained employees."  Id. at 62, 131 S. Ct. at 1360; accord Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015).

Sorensen alleges only that policies and training were not in place and that this oversight led to constitutionally deficient delays in his medical care.q Assuming his allegations are true, as we must, they are still insufficient to state a plausible claim for relief.  Sorensen's complaint makes no allegations that Sheriff Nocco was on actual or constructive notice of the omissions in training or lack of policies.  See Weiland, 792 F.3d at 1328–29; Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality." (quotation omitted)).  Instead, the complaint discusses only Sorensen's own deficient treatment.  Therefore, the district court's dismissal of Sorensen's complaint was correct.

**AFFIRMED.**

6