[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15323
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-24233-JEM


GOSUNDI WUSIYA,
a.k.a. James A. Johnson,

Plaintiff-Appellant,

versus

CITY OF MIAMI BEACH,
ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
Chief Judge Bertila Soto, in her personal and official capacities,
PUBLIC DEFENDER FOR THE ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA,
Carlos J. Martinez, Public Defender,
MIAMI DADE STATE ATTORNEY,
Katherine Fernandez Rundle, in her personal and official capacities,
FLORIDA THIRD DISTRICT COURT OF APPEALS,
Frank A. Shepherd, Chief Judge, in his personal and official capacities,
Mayor, Miami-Dade County,
Carlos A. Gimenez, in his personal and official capacities, et al.,

Defendants-Appellees,

MIAMI-DADE COUNTY,

                                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 3, 2015)


Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Gosundi Wusiya, proceeding *pro se*, appeals the district court's dismissal of his second amended 42 U.S.C. § 1983 complaint on various grounds and the denial of his motion for reconsideration.  On appeal, Wusiya argues that the district court erred in dismissing his complaint for several reasons.  First, he asserts that the court failed to consider relevant statistical evidence and other irregularities in his underlying state criminal proceedings that supported his allegations on Florida's widespread policy of "racial felonization;" he defines this practice as one of causing the convictions of innocent nonwhite persons as felons at disproportionately higher rates than white persons.  This broadly stated theory of racial felonization and related racial-conspiracy allegations mainly underlie the

2

complaint.  Wusiya next asserts that the district court erred in denying his request for injunctive relief for the deprivation of his Social Security benefits during his term of incarceration in state custody:  he had not been convicted of a crime at the time.  In addition, Wusiya contends that the district court erred in concluding that he lacked standing to seek injunctive relief on his race discrimination claims; he says his greater vulnerability to future injury was sufficient to satisfy the concrete injury requirement for standing.  Wusiya further argues that the district court (1) erred in concluding that the Florida Governor, a State Attorney, and two state judges were immune from suit; (2) ignored relevant evidence when concluding that he failed to establish a causal connection between the Mayor of Miami-Dade County and the Governor and the constitutional deprivations he alleged; (3) erred in concluding that he failed to state a claim for municipal liability against the City of Miami Beach or Miami-Dade County; and (4) breached its commitment to reset the trial date for his case.

Wusiya also contends that the district court erred in denying his motion for reconsideration, which he labels as a Fed.R.Civ.P. 60(b) motion based on excusable neglect.  Wusiya asserts that his motion for reconsideration demonstrated that he had a strong, meritorious claim and that his request to reopen the time for appeal was based on excusable neglect.  Furthermore, Wusiya argues that the district court abused its discretion in refusing his request to correct the case

3

docket to have the judgment set out in a separate document; he contends this step is required by Fed.R.Civ.P. 58(a).

No reversible error is presented by the record.

I

We review *de novo* the dismissal of a complaint for failure to state a claim for relief, accepting all factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1252 (2013). Courts are not required, however, to accept as true bare legal conclusions supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 129 S.Ct. 1937, 1949, 1951, 173 L.Ed.2d 868 (2009). A complaint must contain sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Id.* at 678, 129 S.Ct. at 1949.

Section 1983 provides a cause of action for deprivations of federal constitutional rights by state actors acting under color of law. *See* 42 U.S.C. § 1983. Supervisory officials are not vicariously liable for the unconstitutional acts of their subordinates under section 1983. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Thus, to establish a supervisory official's liability, the plaintiff

4

must show either that the supervisor personally participated in the alleged unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional deprivation. *Id.* The necessary causal connection can be established by showing that the supervisor failed to correct the alleged deprivation after being put on notice of the need to do so by a history of widespread abuse, established a custom or policy that resulted in deliberate indifference to constitutional rights, or directed his subordinates to act unlawfully or knew that they would do so and failed to stop them. *Id.*

In actions for damages under section 1983, prosecutors enjoy absolute immunity for acts taken in preparation for and during the course of their roles as advocates for the state. *See Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Judges likewise are entitled to absolute immunity from damages for acts taken in their judicial capacities, unless those acts were taken in the "clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239. Thus, a judge is entitled to absolute immunity even when his actions were erroneous, malicious, or in excess of his jurisdiction. *Id.* Furthermore, judges are also generally immune from injunctive relief for acts taken in their judicial capacities. 42 U.S.C. § 1983.

Public defenders do not act under color of state law for purposes of section 1983 "when performing a lawyer's traditional functions as counsel to a

5

defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). A person acts under color of state law when exercising power that is possessed by virtue of state law and made possible only because the actor is clothed with the authority of state law. *Id.* at 317-18, 102 S.Ct. at 449. By contrast, representation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state rather than the indigent client has no bearing on the lawyer's duties and obligations. *Id.* at 318-19, 102 S.Ct. at 449-50.

In actions brought against a municipality under section 1983, the municipality will be liable only for those acts for which it is actually responsible. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003). A plaintiff may establish municipal liability by showing either that the municipality had an officially promulgated policy of permitting the alleged constitutional violation or that it had an unofficial custom or practice that was the moving force behind the constitutional violation. *Id.* at 1329-30.

The Eleventh Amendment bars damages suits against a state in federal court absent a waiver of immunity by the state or a valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Congress has not abrogated the states' sovereign immunity for purposes of section 1983 suits for damages, and Florida has not waived its immunity with

6

regard to such suits. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1512, 1520 (11th Cir. 1986). The Eleventh Amendment bar also applies to damages actions brought against state officials in their official capacities because a judgment against the official in such a suit imposes liability on the entity that he represents and is effectively a suit against the state itself. *See Graham*, 473 U.S. at 169, 105 S.Ct. at 3107. State officials may, however, be sued for damages in their personal capacities. *See id.* at 165-66, 105 S.Ct. at 3105. In addition, a state official may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. *See Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). A state official is subject to suit in his official capacity when, by virtue of his office, he is imbued with the responsibility to enforce the law at issue in the suit. *Id.*

Social Security benefits may not be paid to a person who "is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x)(1)(A)(i). We have said that § 402(x)(1) is constitutional and does not violate due process. *Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir. 1986). To show an equal protection violation, a plaintiff must demonstrate that he was treated differently from similarly situated persons and that any such disparate treatment was based on his membership in a protected class. *DeYoung v. Owens*, 646 F.3d 1319, 1327-28 (11th Cir. 2011).

We review the denial of a preliminary injunction for abuse of discretion, reviewing the court's factual findings for clear error and its legal conclusions *de novo*. *Scott v. Roberts*, 612 F.3d 1279, 1289-90 (11th Cir. 2010). To receive declaratory or injunctive relief, a plaintiff must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin*, 225 F.3d at 1242.

To establish constitutional standing, a plaintiff must show (1) a concrete and particularized injury in fact that is actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Where the plaintiff seeks injunctive relief, a showing of past injury will not suffice to establish standing. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974). Instead, the plaintiff must also show "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328-29 (11th Cir. 2013). In other words, the plaintiff must demonstrate a real and immediate threat of future injury that is not hypothetical or conjectural. *Id.* at 1329. Federal courts may not entertain a claim for injunctive relief by a citizen who does no more than assert that certain law enforcement practices are unconstitutional. *City of L.A. v. Lyons*, 461

8

U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983). In *Lyons*, the Supreme Court held that the plaintiff lacked standing to seek injunctive relief barring the use of chokeholds by Los Angeles police officers based on his past subjection to such a chokehold. *Id.* at 105-07, 103 S.Ct. at 1667-68. The Court decided that Lyons's past injury did not establish a real and immediate threat that he would again encounter law enforcement officers who would unlawfully place him in a chokehold absent resistance or provocation, and he failed to allege facts that would otherwise demonstrate a realistic possibility that such an encounter would occur. *Id.* at 105-06, 103 S.Ct. at 1667. We are guided in our decision here by Lyons.

Every federal court judgment, subject to certain exceptions, must be set out in a separate document. Fed.R.Civ.P. 58(a). The notice of appeal in a civil case must be filed within 30 days after the entry of the judgment appealed from. Fed.R.App.P. 4(a)(1)(A). The time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58. *Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1346 (11th Cir. 2000). Where Rule 58(a) requires a judgment to be entered in a separate document and no such document is entered, the judgment is considered entered for purposes of Rule 4 when 150 days have run from the entry of the underlying order. *See* Fed.R.App.P. 4(a)(7)(A)(ii); Fed.R.Civ.P. 58(c)(2)(B).

As a preliminary matter, we have jurisdiction to consider Wusiya's appeal of the district court's order dismissing his second amended complaint, despite that his notice of appeal was filed more than 30 days after the entry of that order: final judgment was not entered in a separate document, as required by Rule 58(a). Wusiya therefore had 180 days from the date of district court's order to file his notice of appeal, and he filed a notice of appeal within that time.

When we consider the merits, the district court did not err in dismissing Wusiya's second amended complaint.  First, the district court correctly concluded that Wusiya lacked standing to seek injunctive relief against any defendant for his race-discrimination claims:  he alleged no facts showing a real and immediate threat of future harm.  Wusiya's request for a preliminary injunction ordering the County to provide his correct conviction date to the Social Security Administration was also properly denied: Wusiya did not demonstrate that he lacked an adequate remedy at law for the allegedly unlawful deprivation of his Social Security benefits during his term of incarceration.

Second, the district court correctly concluded that State Attorney Rundle and Florida Judges Soto and Shepherd were immune from suit for damages: Wusiya's claims against them arose from acts taken in their official capacities, for which they enjoyed absolute immunity.

10

Third, the district court also correctly concluded that Wusiya failed to state a claim against Public Defender Martinez: in representing Wusiya, the Public Defender's office was not acting under color of state law for purposes of secion 1983.

Fourth, the district court properly dismissed Wusiya's claims against Governor Scott. Wusiya's claim for damages against Governor Scott in his official capacity was effectively a claim for damages against the State of Florida and was, therefore, barred by the Eleventh Amendment. Wusiya did not allege facts showing a causal connection between Governor Scott's acts and the constitutional deprivations that Wusiya alleged and, therefore, failed to state a claim against Governor Scott in his personal capacity.

Fifth, the district court did not err in dismissing Wusiya's claims against Miami-Dade County Mayor Gimenez: Wusiya did not allege facts showing that the constitutional deprivations he allegedly suffered at the hands of Miami-Dade County were caused by an official policy or unofficial custom of the County. Wusiya did not allege facts showing a causal connection between Mayor Gimenez's acts and the constitutional deprivations that Wusiya alleged and, therefore, failed to state a claim against Mayor Gimenez in his personal capacity. Furthermore, Wusiya's due process challenge to 42 U.S.C. § 402(x)(1) was foreclosed by our binding precedent, and his equal protection challenge lacked

11

merit because he did not demonstrate that he was treated differently than other similarly situated persons or that such disparate treatment was based on his membership in a protected class.

Sixth, the district court properly dismissed Wusiya's claims against the City because Wusiya did not allege facts showing that the City had adopted an official or unofficial policy of racial discrimination; so, he failed to state a claim against the City under section 1983 for the allegedly unlawful conduct of an officer who arrested Wusiya in 2008.

Wusiya is not entitled to relief based on his argument that the district court breached its "commitment" to reschedule the trial date in his case when it dismissed his second amended complaint, as Wusiya simply misunderstands the obligations of the district court with regard to scheduling.

II

We review for an abuse of discretion the denial of a motion for reconsideration. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). A motion for reconsideration may not be used to relitigate old matters or raise arguments or present evidence that could earlier have been raised. *Id.* Under Fed.R.Civ.P. 59(e), a party may move to alter or amend a judgment within 28 days

12

after the entry of judgment.  Fed.R.Civ.P. 59(e).  Rule 60(b) allows a party to seek relief from a judgment on a number of grounds, including excusable neglect and "any other reason that justifies relief."  Fed.R.Civ.P. 60(b)(1), (6).  A Rule 60(b) motion must be made "within a reasonable time" and, if based on excusable neglect, no more than one year after the entry of judgment.  Fed.R.Civ.P. 60(c)(1).  In classifying a post-judgment motion as either a Rule 59(e) motion or a Rule 60(b) motion, the party's label is not controlling; and a motion that seeks reconsideration of the merits of the dispute rather than collateral matters will typically be considered a Rule 59(e) motion.  *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988).  A Rule 59 motion may be granted only on the basis of newly discovered evidence or a manifest error of law or fact.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, the district court did not err in denying Wusiya's motion for reconsideration.  Although Wusiya labeled his motion as a Rule 60(b) motion, it is more appropriately characterized as a motion to alter or amend the judgment under Rule 59(e): it chiefly sought reconsideration of the merits of the district court's order dismissing his second amended complaint.  Wusiya's motion simply reiterated arguments he already had made, did not demonstrate manifest error of law or fact, and did not rely on newly discovered evidence.  Wusiya therefore did not present grounds that warranted reconsideration, and the district court did not

13

abuse its discretion in denying relief.  Wusiya's assertion that the denial of his motion violated his right to equal protection lacks merit: he did not demonstrate that he was treated differently from other similarly situated persons or that any such disparate treatment was based on his membership in a protected class.

Given the briefs and the record, we see no reversible error.

**AFFIRMED.**