**Barbara L. GIPSON, Plaintiff-Appellant,**

v.

**SECRETARY, U.S. DEPARTMENT OF THE TREASURY, Defendant-Appellee.**

No. 16-11088

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(January 17, 2017)

Barbara L. Gipson, Pro Se

Lisa D. Cooper, Lori Beranek, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Defendant-Appellee

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Barbara Gipson appeals pro se the district court's order dismissing her complaint with prejudice for failure to state a claim upon which relief may be granted. Gipson filed over 1,000 pages meant as an amended complaint and supporting documents, even after the magistrate judge gave her specific instruction on how to comply with the Federal Rules of Civil Procedure. The district court adopted the magistrate's recommendation to dismiss the amended complaint with prejudice. After careful review, we affirm.

I.

Gipson was fired from her job at the U.S. Department of Treasury. After Gipson filed her complaint against the Treasury Department, the magistrate judge found her complaint had a number of pleading deficiencies and ordered Gipson to amend her complaint to comply with six directions:

1) provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs; 2) allege under a separate count each cause of action pursuant to a specific federal (or state) statute and provide relevant facts including approximate dates of relevant occurrences and specific unlawful actions taken by Defendant; 3) not reaffirm or reallege factual allegations from preceding counts; 4) not contain any references to the Pledge of Allegiance or any part of the Constitution unless the statute for which Plaintiff brings a cause of action is created pursuant to a particular amendment of the constitution; 5) allege specific facts demonstrating that the settlement agreement she entered with Defendant is invalid if Plaintiff intended to set aside the settle-

ment agreement; and 6) clearly state the grounds for damages if she seeks damages.

The magistrate judge advised Gipson that failure to comply with these directions would result in a recommendation to the district court that her complaint be dismissed.

Gipson then filed an "amended complaint" consisting of the magistrate judge's order along with twelve attachments containing over 1,000 pages. One attachment contained four headings with various allegations: (1) Under "Age and Disability Discrimination," Gipson alleged the Treasury Department knew about her health issues and received a doctor letter advising against Gipson using a phone, yet it required her to use a phone. Gipson also added she "was harassed, intimidated, provoked, written-up, penalized and eventual[ly] fired by the Treasury," but included no facts to support this allegation. (2) Under "Health and Medical Issues," Gipson simply alleged the Treasury Department refused or ignored her applications for reassignment or reasonable accommodation, and in doing so, failed to consider her age and health issues. (3) Under "Gross Misconduct & Negligence," Gipson realleged the Treasury Department fired her before her reasonable accommodation request could be processed and that it ignored a letter from her doctor. She added—with no supporting facts—that "[e]mployee medical information and records were not treated as confidential or private information." (4) Under "Unethical & Unfair Work Ethics," Gipson again realleged claims about her reasonable accommodation request and doctor letter. Gipson added she was "denied promotions for speaking out against internal and service wide problems," including low morale and equal or fair treatment for employees. The remainder of her allegations focused on the Treasury Department not following internal procedures, not investigating her grievances and complaints, assigning her only to complex cases, and giving her the same performance evaluation for four straight years.

The magistrate judge found that Gipson "failed to again provide what statute(s) to which she brings her claim(s) and specific facts in support," and that Gipson "made her amended complaint more confusing." The district court agreed that Gipson "fail[ed] to assert specific facts in relation to specific, relevant statutes" and dismissed the amended complaint with prejudice.

## II.

"We review de novo a district court's dismissal of a complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief. . . ." Starship Enterprises of Atlanta, Inc. v. Coweta Cty., 708 F.3d 1243, 1252 (11th Cir. 2013). "[W]e accept all factual allegations as true and consider them in the light most favorable to the plaintiff." Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation omitted).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760

F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

Gipson's complaint, construed liberally, does not meet "the threshold requirement of [Federal] Rule [of Civil Procedure] 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007) (quotations omitted and alteration adopted). Gipson's amended complaint contains only conclusory allegations of discrimination, harassment, retaliation, and mishandling of private medical information. It does not include specific acts that caused these injuries, specific people who contributed to these injuries, or specific dates on which these injuries occurred. Nor does it tie particular facts to specific statutes. Gipson's amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322 (11th Cir. 2015). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotations omitted and alteration adopted). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964 (quotations omitted and alteration adopted). Gipson's amended complaint fails to give fair notice to the Treasury Department. Therefore, the district court properly dismissed Gipson's complaint.

**AFFIRMED.**